IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL NO. G-05-07 |
| | § | |
| KENTE AMIN ANTHONY | § | |

## ORDER OF DETENTION PENDING TRIAL

On May 10, 2005, this Court conducted a Hearing on the Government's Motion to Detain **Kente Amin Anthony**, the named Defendant in the above-styled and numbered cause. The Government appeared by attorney and announced ready; the Defendant appeared in person and by counsel and announced ready. The Government offered the testimony of John Brown, an agent with the Bureau of Alcohol, Tobacco and Firearms; the Defendant offered the testimony of Ethel Wright and Leroy Wright. The Court also made the Pretrial Services Report, which recommended detention, a part of the record for purposes of the Detention Hearing only. Having now considered the evidence, the recommendation of the Pretrial Services, and the arguments of counsel, this Court makes the following findings of fact and conclusions of law:

1. That pursuant to the Indictment there is probable cause to believe that **Kente Amin Anthony** has committed a drug offense with a maximum penalty of ten years or more confinement, see 18 U.S.C. §§ 841 and 846, see also <u>United States v. Trosper</u>, 809 F.2d 1107, 1110 (5th Cir. 1987);

2. That by virtue of the foregoing finding a rebuttable presumption was created in favor of **Anthony's** detention, 18 U.S.C. § 3142(e);

3. That the strength of the Government's case is substantial given **Anthony's** admission, at the time of his arrest, that the crack-cocaine and the revolver found at his residence and made the basis of this Indictment belonged to him;

4. That prior to the alleged commission of the instant offenses, **Anthony**, who is now only 28 years of age, had been convicted of nine separate crimes, including five drug offenses and two assaultive offenses;

5. That five of **Anthony's** convictions occurred while he was serving a term of deferred adjudication probation;

6. That **Anthony's** five prior drug offenses fairly predict a continuation of such activities if he were to be released, United States v. Salerno, 481 U.S. 739 (1987);

7. That by virtue of the foregoing findings, **Anthony** would constitute a danger to the community if released;

8. That **Anthony** has failed to rebut the presumption of detention created by 18 U.S.C. § 3142(e);

9. That the credible evidence and information submitted establishes by clear and convincing evidence that there is no condition or combination of conditions which could be imposed upon **Anthony** by this Court to reasonably assure the safety of the community if he were released.

It is, therefore, **ORDERED** that the Defendant be, and he is hereby, **COMMITTED** to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further **ORDERED** that the Defendant **SHALL** be afforded a reasonable opportunity for private consultation with defense counsel.

It is further **ORDERED** that upon Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility **SHALL** deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DONE** at Galveston, Texas, this _____10th_____ day of May, 2005.

_____
John R. Froeschner
United States Magistrate Judge