IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | §   CRIMINAL NO. G-05-07 |
| | §   CIVIL ACTION NO. G-06-324 |
| KENTE AMIN ANTHONY | § |

## REPORT AND RECOMMENDATION

Before the Court is the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" filed by Kente Amin Anthony, the named Defendant in the above-styled and numbered cause. After initial consideration of the Motion and the record of prior proceedings and an expansion of the record under Rules 4(a) and 7 of the Rules Governing Section 2255 Proceedings the Court submits this Report and Recommendation to the District Court.

On November 23, 2004, a search warrant was executed by state peace officers at the house of Anthony. The search uncovered, *inter alia*, a .357 Magnum pistol and 3.8244 grams of crack cocaine. Anthony was initially charged in the state court system, but on April 28, 2005, federal prosecutors indicted Anthony for being a felon in possession of a firearm and possession with the intent to distribute crack cocaine. On May 6, 2005, the Office of the Federal Public Defender was appointed to represent Anthony; Brent Newton was assigned as Anthony's attorney. On May 24, 2005, the United States filed a Notice of four prior felony convictions for the purpose of enhancing any sentence ultimately imposed upon Anthony by the District Court. No Motion to Suppress the evidence seized pursuant to the warrant was ever filed.

On June 22, 2005, Anthony pleaded guilty before this Court pursuant to a Plea Agreement which, *inter alia*, provided for a waiver of Anthony's right to appeal or pursue any collateral attack of his sentence; in return, the Government agreed to not oppose a sentence reduction for acceptance of responsibility and abandoned its enhancements. Anthony's guilty plea was accepted by the District Court on July 19, 2005. On October 28, 2005, Anthony was sentenced to 180

months of imprisonment.  No appeal was taken; however, despite Anthony's waiver, he filed the instant Motion on May 18, 2006, well within the one-year limitations period.

## WAIVER

To determine whether a collateral attack of a conviction is barred by a waiver provision in a Plea Agreement, the Court must conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based upon the plain language of the Agreement.  United States v. McKinney, 406 F.3d 744, 746-57 (5th Cir. 2005)    At his guilty plea Anthony swore that he had read and understood the Plea Agreement and he further told this Court, explicitly, that he understood that he was giving up his right to collaterally attack his conviction for any reason.  The language in the Plea Agreement clearly bars any collateral attack.  Therefore, the Court finds that Anthony forfeited the right to file the instant Motion under the terms of the Plea Agreement.

Despite the waiver, the Court will, in the alternative, address the merits of Anthony's claims.

## MERITS

In his first and second grounds for relief Anthony complains that the search of his home was unconstitutional.  He asserts the officers violated the "knock and announce" requirement and also failed to provide him with a copy of the search warrant as required by Rule 41 of the Federal Rules of Criminal Procedure.  As a result, he argues the evidence used against him was inadmissible.

Notwithstanding Anthony's waiver of the right to even file a § 2255 Motion, this claim is barred.  By pleading guilty, Anthony waived all non-jurisdictional errors, United States v. Easton, 937 F.3d 160, 161 (5th Cir. 1991), including potential Fourth Amendment claims.  Grabowski v. Jackson County Public Defender's Office, 47 F.3d 1386, 1390 (5th Cir. 1995)    By failing to file a pre-trial Motion to Suppress the evidence, Anthony waived his right to do so and cannot challenge that evidence now in this Motion.  See Rule 12(b)(2)(B) and (e)    But even if Anthony

2

could raise these claims, they lack merit. First, even assuming the officers failed to knock and announce their presence and intentions, the United States Supreme Court recently held that suppression of evidence is no longer an appropriate remedy for such a violation. Hudson v. Michigan, 547 U.S. ___, 165 L.Ed 2d 56, 66 (2006)   Second, Anthony's complaint that the officers failed to leave a copy of the search warrant at his house as required by Rule 41(f), also fails; Rule 41 is not applicable to searches conducted by state officers. United States v. McKeever, 905 F.2d 829, 833 (5th Cir. 1990)   Moreover, even if Rule 41 did apply, the failure of searching officers to leave a copy of the warrant with Anthony or at his home will not invalidate an otherwise valid search. United States v. Marx, 635 F.2d 436, 441 (5th Cir. 1981)   Violations of Rule 41(d), now (f), are essentially ministerial in nature and generally will not require the suppression of evidence seized. United States v. Charles, 883 F.2d 355, 357 (5th Cir. 1989) Therefore, even if Anthony's waivers were ineffectual, his claims have no merit and they must be dismissed.

As part of his second ground Anthony complains that the affidavit submitted to the Judge who issued the search warrant was insufficient because it was based, in part, upon hearsay evidence. In support of this claim Anthony argues that after the 2002 amendments to the Federal Rules of Criminal Procedure section (c)(1) of Rule 41, which permitted the use of hearsay evidence to support probable cause was deleted. Anthony asserts that this deletion means that hearsay evidence can no longer be used in a probable cause affidavit. Even assuming Rule 41 would apply in this case, see McKeever, *supra*, Anthony is wrong. According to the Advisory Committee notes pertaining to the 2002 amendments "the Committee believed the reference to hearsay was no longer necessary" because "the case law has become perfectly clear" that hearsay evidence was permissible. The Committee found that the issue was adequately addressed in Rule 1101(d)(3) of the Federal Rules of Evidence which specifically provides that the hearsay rules do not apply to proceedings for "issuance of…search warrants." This claim is without foundation and must, therefore, be dismissed.

In his final ground, Anthony argues that his court-appointed attorney was ineffective because he failed to seek suppression of the evidence seized at Anthony's house in violation of Rule 41.  Pursuant to an Order of this Court, Newton filed an affidavit defending himself against Anthony's accusation of ineffective assistance.  While the failure to file a good suppression motion can violate the Sixth Amendment, <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 375 (1986), to prevail Anthony must demonstrate that his Fourth Amendment claim would have been successful.  As stated above, the presentation requirement of Rule 41 has no application to the state search warrant issued in this case.  Furthermore, a "No Knock" search will not result in suppression.  <u>Hudson</u>, *supra*[1]   Anthony cannot show that a suppression motion based on these grounds would have been granted and this claim, therefore, fails.

Anthony also complains that Newton never told him that he could plead guilty and retain his right to appeal.  In his affidavit, Newton states that he did explain that option to Anthony and the attendant risk of an enhanced sentence if Anthony refused to waive his appellate rights through the offered Plea Agreement.  Anthony, in his response, states "true Mr. Newton informed me that pleading guilty to the Plea Agreement would waive my rights to appeal, but I was under the impression that like the state courts, when you plead out there is no such thing as still having a right to appeal."  It now appears that Anthony is simply complaining that Newton failed to correct his faulty impression.  But, more importantly, this Court, at Anthony's Rearraignment, took the time to carefully explain to Anthony what an appeal was, and that by accepting the advantageous terms of the Plea Agreement he was giving up his right to appeal or collaterally attack his sentence for any reasons whatsoever.  Anthony, under oath, told this Court he fully understood those terms of the Agreement.  In the opinion of this Court, no evidentiary hearing is needed on this issue. The Court believes Newton told Anthony he could plead to the Indictment and preserve his right to appeal, because, as Newton points out, Anthony's refusal to waive his right to appeal would,

---

[1] The Court realizes that Hudson was decided long after Anthony's conviction became final, but ATF Agent John Brown testified that according to the state officers they did indeed knock at Anthony's door and Anthony answered.

most likely, have resulted in the Government pressing the enhancements and, maybe, seeking a superceding Indictment adding a count of possession of a firearm in furtherance of drug trafficking, thereby exposing Anthony to a substantially longer sentence, which is exactly what Anthony feared most. This Court finds that at the time he pleaded guilty Anthony understood that he had the option to reject the Plea Agreement, plead guilty and retain his right to appeal; Anthony simply chose not to do so in return for the Government's concessions. Therefore, this Court is of the opinion that this claim of ineffective assistance should be dismissed.

For all of the foregoing reasons, it is the **RECOMMENDATION** of this Court that the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Instrument no. 43) of Kente Amin Anthony be **DISMISSED in its entirety**.

The United States District Clerk **SHALL** serve a copy of this Report and Recommendation to the Parties who **SHALL** have until **October 13, 2006**, to file written objections with the District Court pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be electronically filed and/or mailed to the **Office of the Clerk in the Galveston Division, at P.O. Box 2300, Galveston, Texas 77553.** Failure to file written objections to the proposed findings, conclusions and recommendations contained in this report within the allowed time **SHALL** bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.

**DONE** at Galveston, Texas, this ____19th____ day of September, 2006.

_____
John R. Froeschner
United States Magistrate Judge

5